UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVRY EDUCATION GROUP INC., DEVRY UNIVERSITY, INC., and DEVRY/NEW YORK, INC.<br><br>    Plaintiffs,<br><br>v.<br><br>T'LANI ROBINSON and ROBBY BROWN,<br><br>    Defendants. | Case No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

This action is brought by Plaintiffs DeVry Education Group Inc. ("DVG"), and DeVry University, Inc., which operates the educational institution known as DeVry University ("DVU"), and DeVry/New York, Inc. ("DVNY").[1] By and through their undersigned counsel, Plaintiffs allege as follows:

**INTRODUCTION**

1. This is an action for a declaratory judgment and injunctive relief against T'Lani Robinson and Robby Brown (collectively "Defendants"). Defendants commenced a purported class arbitration against Plaintiffs, asserting claims related to the education Defendants received at DVU (the "Arbitration" or the "Demand"). (*See* Exs. A, B.)

---

[1] DeVry University operates in New York as DeVry College of New York. For purposes of this Complaint, "DVU" shall refer collectively to DeVry University and DeVry College of New York, unless otherwise noted.

2. Defendants have alleged the Arbitration as a class arbitration in which they purport to assert claims on behalf of themselves and a putative class of current and former students at DVU.

3. The relationship between the parties is governed by an enrollment agreement (the "Agreement"), signed by each Defendant upon enrolling at DVU. (*See* Exs. C, D.)

4. By this action, Plaintiffs request that the Court issue two declarations. First, Plaintiffs ask this Court to declare that the Court, not the arbitrator, is to decide whether class arbitration is available pursuant to the Agreements. Second, Plaintiffs ask this Court to declare that the Agreements do not authorize class-wide arbitration.

5. With respect to the first requested declaration, the issue of whether a contract permits class arbitration is a gateway question of arbitrability to be decided by the court unless the parties' arbitration agreement clearly and unmistakably provides otherwise. Here, the Agreements at issue are structured for individual, not class, arbitrations and thus provide no clear and unmistakable language directing that the question of class arbitrability be submitted to an arbitrator. Accordingly, the question is properly determined by a court.

6. With respect to the second requested declaration, the arbitration provisions in the Agreements upon which Defendants base their Demand, by their plain terms, do *not* authorize arbitration on a class basis. Accordingly, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. (the "FAA"), which applies to the Agreements, bars Defendants from seeking to advance class arbitration, and the arbitrator lacks power to conduct such an arbitration.

## PARTIES

7. Plaintiff DVU is an accredited institution of higher learning, offering a variety of degree programs at the graduate and undergraduate level. DVU offers career-oriented education, with classes held year-round on campus and online, during the day, at night, and on weekends.

Plaintiff DVU is a subsidiary of DVG and incorporated in Delaware. DVU's principal place of business is in Illinois.

8. Plaintiff DVG is the parent company for DeVry University, Inc. DVG is incorporated in Delaware and its principal place of business is in Illinois.

9. Plaintiff DVNY is a subsidiary of DVG and incorporated in Delaware. DVNY's principal place of business is in Illinois. Defendants named DVNY in the Demand; however, they do not claim to have any agreement or other relationship with DVNY or to have attended any DVU campus in New York.

10. Defendant T'Lani Robison, upon information and belief, is a resident of the state of Georgia. Defendant Robinson attended DVU at the Decatur, Georgia campus for one session in 2013. (*See* Ex. A ¶¶ 21, 70, 74.)

11. Defendant Robby Brown, upon information and belief, is a resident of the state of Missouri. Defendant Brown attended DVU at the Kansas City, Missouri campus for three sessions in 2010 and 2011. (*See* Ex. A ¶¶ 22, 75, 79.)

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), based on the diversity of citizenship of the parties. The amount in controversy, exclusive of costs and interests, exceeds $75,000. (*See* Ex. B at 1.)

13. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants have initiated an arbitration related to their alleged interests in this District. (*Id.*)

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the activities giving rise to this declaratory action—initiating the Demand—occurred in this District. (*Id.*)

## FACTS

### Defendants' Arbitration Demand

15. On June 16, 2016, Defendants initiated the Demand, asserting claims related to the educational services provided by DVU. (*See* Exs. A, B.)

16. On June 23, 2016, Plaintiffs received formal notice of Defendants' Demand from the American Arbitration Association ("AAA").

17. The Demand relates to advertising and other representations made by Plaintiffs regarding graduate employment rates and relative earnings of DVU graduates. The Demand alleges generally that Plaintiffs made deceptive and misleading representations about the benefits of a DVU education.

18. Based on these allegations, the Demand asserts six causes of action for breach of contract, negligence, violation of the Illinois Uniform Deceptive Trade Practices Act, conversion, unjust enrichment, and seeks a declaratory judgment.

19. Defendants purport to have filed the Demand and to have brought the Arbitration on behalf of themselves and a putative class of others who "(a) entered into an enrollment agreement substantially in accordance with the terms and conditions of the Agreement . . . and (b) purchased or otherwise paid for and received a DVU Education, from January 1, 2008 until April 8, 2016." (Ex. A, ¶ 80.)

20. Plaintiffs deny the allegations in the Demand.

### The Arbitration Provisions In The Agreements

21. Before enrolling in DVU, each Defendant individually signed an Enrollment Agreement, which is required of all DVU students. (Exs. C, D.) These Agreements contain an arbitration clause, covering all controversies, between the student and DVU relating to the Agreement or the education provided by DVU.

22. The Agreements state that the intent of the Agreement is "to make clear the educational services to which *you* are entitled as a student of DeVry." (Exs. C at 1, D at 1 (emphasis added).)

23. The Agreement signed by Defendant Robinson is substantially the same as the Agreement signed by Defendant Brown. Defendant Robinson signed the Agreement on May 8, 2013, which states:

> Any claim or controversy arising out of or related to the terms of this Agreement or the education provided by DeVry, regardless of form or cause of action shall be decided and determined by binding arbitration under the commercial arbitration rules of the American Arbitration Associates [sic]. The parties acknowledge and agree that this agreement involves interstate commerce and that the Federal Arbitration Act will govern the enforceability of this provision.

(*See* Ex. C.)

24. Defendant Brown signed an Agreement on May 21, 2010, which states:

> Any claim or controversy arising out of or relating to the terms of this Agreement or the education provided by DeVry, regardless of form or cause of action shall be decided and determined by binding arbitration under the commercial arbitration rules of the American Arbitration Association. The parties acknowledge and agree that this agreement involves interstate commerce and the Federal Arbitration Act will govern the enforceability of this provision.

(*See* Ex. D.)

25. The provisions in the Agreement signed by Defendant Robinson and Defendant Brown make no reference to class arbitration. Yet, Defendants now seek to arbitrate their disputes with DeVry on a representative, class-wide basis, seeking to represent all students who "purchased or otherwise paid for an education and related educational products and services sold by DeVry (the 'Education') between January 1, 2008 and April 8, 2016, both dates inclusive (the 'Class Period')." (*See* Ex. A ¶ 1.)

26. The arbitration provisions in the Agreements do not permit an arbitrator to determine whether Defendants may conduct classwide arbitration as purported class

5

representatives. With respect to such a fundamental issue of arbitrability, the law requires that the court address the gateway question of the availability of class arbitration unless the parties clearly and unmistakably provide in their agreement that the availability of class arbitration is for the arbitrator to decide. The parties never agreed to submit to an arbitrator the question of whether Defendants may proceed with a class arbitration. Not only do the Agreements fail to provide clear and unmistakable language directing the question of class arbitration to the arbitrator, the provisions do not even reference class arbitration. Thus, a court, not the arbitrator, must decide whether class action arbitration is available.

27. Further, contrary to Defendants' assertion (*see* Ex. A, ¶ 82), the Agreements do not provide for or otherwise contemplate class arbitration; they address only individual arbitration. By their terms, and as a matter of law, the Agreements do not authorize Defendants to commence any class arbitration or to assert claims in arbitration on behalf of any other student. Instead, the provision authorizes arbitration of disputes between the "parties" to the individual Agreements.

28. Arbitration under the FAA is a matter of consent. As the United States Supreme Court has recognized, unexpected and involuntarily class arbitration fundamentally alters the risks and benefits of the original arbitral bargain. It transforms bilateral, inherently limited commercial disputes into sprawling, high-stakes matters that the parties never agreed to resolve without the safeguards afforded by actual litigation, such as full appellate review.

29. Class arbitration substantially alters many of the expected benefits of individual arbitration, such as flexibility, expedition, confidentiality, the parties' right to select different arbitrators to resolve particular disputes, and the promise of reliable, mutual repose once a dispute has been resolved. Class arbitration so fundamentally alters traditional, bilateral

arbitration that it is not, and should not be, permitted where the parties' arbitration agreement is silent on the matter and there is no express consent to arbitration on a class-action basis.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202)

30. Plaintiffs repeat and incorporate each and every allegation contained in the paragraphs above as if fully set forth herein.

31. An actual and justiciable controversy exists between Plaintiffs and Defendants concerning the question of "who decides" whether class arbitration is available pursuant to the Agreements—a court or an arbitrator.

32. Plaintiffs maintain that a court must decide whether the parties to the Agreements agreed to arbitrate on a class basis.

33. Defendants, on the other hand, seek to have the arbitrator decide whether the parties agreed to arbitrate this dispute on a class basis. (*See* Ex. A, ¶ 82; Prayer For Relief ¶ A.)

34. Plaintiffs are entitled to a declaration that, as a matter of law, a court—not the arbitrator—must decide the class arbitrability question because Plaintiffs did not agree, through their Agreements or otherwise, to submit such questions to arbitration.

35. Plaintiffs also are entitled to necessary and proper relief, pursuant to 28 U.S.C. § 2202, in the form of injunctive relief barring Defendants from further seeking to have the arbitrator decide the question of class arbitrability.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202)

36. Plaintiffs repeat and incorporate each and every allegation contained in the paragraphs above as if fully set forth herein.

37. An actual and justiciable controversy exists between Plaintiffs and Defendants concerning the arbitrability of the putative class claims that Defendants have brought in the Arbitration.

38. Plaintiffs maintain that Defendants' claims may not proceed on a class arbitration basis.

39. Defendants, on the other hand, claim that they may proceed with their claims on a class arbitration basis. (*See* Ex. A, ¶¶ 80-91; Prayer for Relief ¶¶ A, B.)

40. Plaintiffs are entitled to a declaration that, as a matter of law, Defendants are precluded from pursuing arbitration of any claims on behalf of any purported class in the Arbitration or in any other arbitration because Plaintiffs did not agree to, and the Agreements do not authorize, the arbitration of disputes on a class basis.

41. Plaintiffs also are entitled to necessary and proper relief, pursuant to 28 U.S.C. § 2202, in the form of an injunction barring Defendants from continuing to pursue any class claims in the Arbitration or any other arbitration because Plaintiffs did not agree to, and the Agreements do not authorize, the arbitration of disputes on a class basis.

WHEREFORE, Plaintiffs respectfully request judgment as follows:

a) a declaration that a court, not the arbitrator, must decide whether class action arbitration is available pursuant to the Agreements;

b) an order enjoining Defendants from continuing to submit the class arbitrability question to Arbitration;

c) a declaration that Defendants are precluded from pursuing against Plaintiffs, in the Arbitration or in any other arbitration, any claims on behalf of any purported class;

      d)      an order enjoining Defendants from continuing to pursue against Plaintiffs, in the Arbitration or in any other arbitration, any claims on behalf of any purported class; and

      e)      an order awarding such other and further relief as the Court deems just and proper.

Dated: July 21, 2016

Respectfully submitted,

*/s/ R. Ryan Stoll*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

R. Ryan Stoll
155 N. Wacker Drive
Chicago, IL 60606
(312) 407-0780
Ryan.Stoll@skadden.com

Emily Reitmeier
525 University Ave.
Palo Alto, CA 94301
(650) 470-4551
Emily.Reitmeier@skadden.com

*Attorneys for DeVry Education Group Inc., DeVry University, Inc., and DeVry/New York, Inc.*

9