IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T'LANI ROBINSON et al., | |
| Plaintiffs, | Case No. 1:16-cv-07447 |
| v. | Hon. Manish S. Shah |
| DEVRY EDUCATION GROUP INC. et al., | Magistrate Judge Sheila Finnegan |
| Defendants. | |
| DEBBIE PETRIZZO et al., | |
| Plaintiffs, | Case No. 1:16-cv-09754 |
| v. | |
| DEVRY EDUCATION GROUP INC. et al., | |
| Defendants. | |

**DEFENDANTS' UNOPPOSED MOTION FOR REASSIGNMENT BASED ON RELATEDNESS
AND FOR EXTENSION OF TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND
TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendants hereby respectfully move the court (i) to reassign a related case to this Court's docket pursuant to Local Rule 40.4, and (ii) once reassigned, to extend the time to answer, move, or otherwise respond to the reassigned Complaint. Please note that both motions herein are filed unopposed. In support of these motions, Defendants state as follows:

**REASSIGNMENT**

1. The DeVry entities originally filed the above-captioned declaratory judgment action in the Northern District of Illinois (the "*Robinson* action") in light of a putative class action arbitration proceeding commenced by plaintiffs Robinson and Brown before the American Arbitration Association. Following the filing of the declaratory judgment complaint, Robinson

and Brown agreed to dismiss the arbitration proceeding and to pursue their claims in this Court by way of asserting those claims as putative class counterclaims in this action. Pursuant to this Court's September 30, 2016, ruling and the parties' stipulation of dismissal of the declaratory action, the *Robinson* action is to proceed as if it was filed by Robinson and Brown as a putative class action, brought on behalf of certain former students of DeVry University against defendants DeVry Education Group Inc. ("DEG"); DeVry University, Inc. ("DVU"); and DeVry/New York, Inc. ("DVNY").

2. On October 14, 2016, a different set of named plaintiffs filed a second consumer fraud class action against DEG, DVU, and DVNY, captioned *Petrizzo et al. v. DeVry Education Group, Inc., et al.*, No. 1:16-cv-09754 (the "*Petrizzo* action"). The *Petrizzo* action was assigned to the Honorable Sharon Johnson Coleman. A copy of the *Petrizzo* complaint is attached hereto as Exhibit A.

3. The *Robinson* action and the *Petrizzo* action are related cases within the meaning of Local Rule 40.4(a), in that:

(a) plaintiffs in both actions allege that defendants violated state consumer protection laws, such as the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 *et seq.*, stemming from defendants' advertisements regarding the employment placement rate of its graduates;

(b) defendants in both actions are identical;

(c) plaintiffs in both actions seek damages and injunctive relief on behalf of the purported class; and

(d) both actions are putative class actions purportedly brought on behalf of overlapping classes—namely, the *Petrizzo* action defines one of its classes as all persons who, within the relevant statute of limitations period, obtained a degree from DeVry, but were unable

2

to find employment within their chosen field of study within six months of graduation, while the *Robinson* action defines one of its classes as all students who purchased or otherwise paid for and received a DeVry education from January 1, 2008, to April 8, 2016.

    4.    In addition, each of the four conditions for reassignment set forth in Local Rule 40.4(b) are met, in that:

    (a)    both actions are pending in this district;

    (b)    the handling of both actions by one judge is likely to result in a substantial saving of judicial time and effort, since both complaints relate to the same alleged misrepresentations, involve similar claims, and will involve similar issues regarding whether a class action proceeding is appropriate;

    (c)    the *Robinson* action has not progressed to the point where designating the *Petrizzo* action as a related case would be likely to delay the proceeding. The only proceedings that have taken place in the *Robinson* action are: (1) on July 21, 2016, DEG, DVU, and DVNY filed a complaint seeking declaratory and injunctive relief for this Court, rather than an arbitrator, to decide the question of class arbitrability; (2) on September 20, 2016, T'Lani Robinson and Robby Brown filed their answer and raised counterclaims arising from defendants' advertisements regarding the employment placement rate of its graduates; and (3) on September 30, 2016, DEG, DVU, and DVNY voluntarily dismissed the original complaint, leaving only the counterclaims, which led this Court to realign the parties such that T'Lani Robinson and Robby Brown became the class plaintiffs and DEG, DVU, and DVNY became the defendants; and

    (d)    the *Robinson* action and the *Petrizzo* action are susceptible of disposition in a single proceeding because the facts and law in both cases overlap in material respects.

**EXTENSION OF TIME**

5. Plaintiffs in the *Petrizzo* action have agreed to a three-week extension of time for defendants to answer, move, or otherwise respond to their Complaint, from November 8, 2016, to November 29, 2016.

6. Counsel for the plaintiffs in the *Petrizzo* action have stated that these motions may be filed as unopposed.

WHEREFORE, defendants respectfully request that the Court (i) reassign the *Petrizzo* action to this Court's docket pursuant to Local Rule 40.4, and (ii) extend the time for defendants to answer, move, or otherwise respond to the *Petrizzo* Complaint to November 29, 2016.

Dated: October 31, 2016         Respectfully submitted,

/s/R. Ryan Stoll
R. Ryan Stoll
**SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP**
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
ryan.stoll@skadden.com


Jack P. DiCanio (*pro hac vice*)
Amy S. Park (*pro hac vice*)
Emily A. Reitmeier
**SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP**
525 University Avenue
Palo Alto, California 94301
(650) 470-4500
jack.dicanio@skadden.com
amy.park@skadden.com
emily.reitmeier@skadden.com


*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

R. Ryan Stoll, an attorney, hereby certifies that on October 31, 2016, he caused a true and correct copy of the foregoing document to be served using the Court's electronic filing system, which will send electronic notification of such filing to all parties that have appeared in *Robinson et al. v. DeVry Education Group Inc et al.*, No. 1:16-cv-07447:

>Robert L. Teel
**LAW OFFICE OF ROBERT L. TEEL**
207 Anthes Ave., Suite 201
Langley, WA   98260

>Benjamin Harris Richman
**EDELSON PC**
350 North La Salle Street, Suite 1300
Chicago, IL   60654

and e-mail on the following counsel for plaintiffs in *Petrizzo et al. v. DeVry Education Group Inc. et al.*, No. 1:16-cv-09754:

>Theodore B. Bell
Carl Malmstrom
**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC**
70 West Madison Street, Suite 1400
Chicago, IL   60602
(312) 984-0000
tbell@whafh.com
malmstrom@whafh.com

>Thomas H. Burt
**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY   10016
(212) 545-4600
burt@whafh.com

        Thomas J. McKenna
        Gregory M. Egleston
        **GAINEY MCKENNA & EGLESTON**
        440 Park Avenue South, 5th Floor
        New York, NY   10016
        (212) 983-1300
        egleston@gme-law.com
        tjmckenna@gme-law.com


        */s/R. Ryan Stoll*
        R. Ryan Stoll